FILED
United States Court of Appeals
Tenth Circuit

May 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIA MEJIA-AMADOR, a/k/a Tona,

    Defendant - Appellant.

No. 18-1063
(D.C. No. 1:14-CR-00144-CMA-10)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

    Antonia Mejia-Amador pleaded guilty to one count of conspiracy to distribute controlled substances pursuant to 21 U.S.C. §§ 846 and 841. The district court sentenced her to the time she had already served in presentence confinement. Over her objection, it then remanded her to the custody of the United States Marshal to be turned over to Immigration and Customs Enforcement (ICE). She appealed, challenging solely that portion of the district court's judgment that ordered her placed in the Marshal's custody to be turned over to ICE. *See* R., Vol. 1 at 17 (notice of appeal).

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The United States filed a motion to enforce the appeal waiver contained in her plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  Ms. Mejia-Amador argued in response that her appeal did not fall within the scope of her waiver of appellate rights.  *See id.* at 1325 (appeal must fall within scope of appeal waiver).  She argued she was not appealing from either her conviction or sentence, but from the order that placed her in ICE custody.

The United States then filed a second motion to dismiss the appeal, this time on mootness grounds.  The government asserted, and Ms. Mejia-Amador concedes, that she has been removed from the United States.  *See* Resp. to Mot. to Dismiss at 1 (stating Ms. Mejia-Amador "has been lawfully deported to Honduras").  The government contends this mooted her appeal, because this court can no longer remedy her alleged injury:  being turned over to ICE.

> Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies,' and an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.  In considering mootness, we ask whether granting a *present* determination of the issues offered will have some effect in the real world.  If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion.

*Kansas ex rel. Kan. Dep't for Children & Families v. SourceAmerica*, 874 F.3d 1226, 1236 (10th Cir. 2017) (brackets, citations, and internal quotation marks omitted).

Ms. Mejia-Amador responds her appeal is not moot because her injury is capable of repetition, yet evading review.  "Under this exception to mootness, a dispute remains live if (1) the challenged action is in its duration too short to be fully

2

litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* at 1237. The party asserting the exception bears the burden of proving these elements. *See id.*

The weak point in Ms. Mejia-Amador's argument is obvious: it is highly improbable that she can show that she has a reasonable expectation of being unwillingly delivered to ICE custody in the future. *See* Resp. to Mot. to Dismiss at 6 ("[C]ounsel for Ms. Mejia-Amador cannot represent that she, personally, is likely to face the same circumstances again"). To get around this weakness in her argument, she cites *United States v. Howard*, 480 F.3d 1005 (9th Cir. 2007).

In *Howard*, defendants challenged a policy that required pretrial detainees making their first appearance before a magistrate judge to wear leg shackles. *See id.* at 1008. The government argued that the case was moot "because no effective relief can be ordered at this stage for these defendants whose criminal pretrial proceedings are over." *Id.* at 1009. But the Ninth Circuit held that the case was not moot because it was "capable of repetition, yet evading review." *Id.* (internal quotation marks omitted). Concerning the second element of that test, it acknowledged that "we cannot assume that criminal conduct will be recurring on the part of these defendants." *Id.* But it reasoned this element was met because the policy was ongoing and "a future charge assuredly will be brought against someone, and the shackling policy would similarly escape review." *Id.* at 1010.

3

We do not find *Howard* persuasive, however. In a later case, the Ninth Circuit, relying in part on *Howard*, reached a similar result, holding that a challenge to a shackling scheme was not moot. *United States v. Sanchez-Gomez*, 859 F.3d 649, 657-59 (9th Cir. 2017) (en banc). But the Supreme Court recently vacated the Ninth Circuit's decision. *United States v. Sanchez-Gomez*, ___S. Ct.___, 2018 WL 2186177 (U.S. May 14, 2018).

In its opinion in *Sanchez-Gomez*, the Supreme Court rejected the concept that the previously shackled defendants had shown a sufficient stake in the outcome to avoid mootness because they "sought relief from the restraint policy not merely for themselves, but for all in-custody defendants in the district." *Id.* at \*4 (brackets and internal quotation marks omitted). The Court refused to endorse such a "freestanding exception to mootness outside the class action context." *Id.* at \*5. Noting it had "never permitted criminal defendants to band together to seek prospective relief in their individual criminal cases on behalf of a class," and that "the mere presence of allegations that might . . . benefit other similarly situated individuals [could not] save [a litigant's] suit from mootness once [his] individual claim[] [had] dissipated," *id.* at \*6 (brackets and internal quotation marks omitted), it rejected the Ninth Circuit's approach.

The Court also explained, in language relevant to this case, why the shackled defendants did not fit *individually* within the exception for cases that are capable of repetition but evading review. It noted "we have consistently refused to conclude that the case-or-controversy requirement is satisfied by the possibility that a party

4

[again] will be prosecuted for violating valid criminal laws." *Id.* at *7 (internal quotation marks omitted). Because some of the defendants had been prosecuted for illegal reentry into the United States, the Court specifically considered the application of this principle in the immigration context. It stated that the defendants'

> personal incentives to return to the United States, plus the elevated rate of recidivism associated with illegal entry offenses, do not amount to an inability to obey the law. We have consistently refused to find the case or controversy requirement satisfied where, as here, the litigants simply anticipate violating lawful criminal statutes.

*Id.* at *9.

We cannot assume that Ms. Mejia-Amador will illegally enter the United States and again be remanded to ICE custody. Nor, for reasons the Court explained in *Sanchez-Gomez*, can she in this proceeding represent the interests of other similarly situated criminal defendants who may be turned over to ICE custody in the future. Her removal has made it impossible for us to grant any effectual relief in this criminal case, and we must therefore dismiss this appeal as moot.[1]

This appeal is dismissed as moot. We deny the government's *Hahn* motion as moot.

Entered for the Court
Per Curiam

---

[1] Citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953), Ms. Mejia-Amador also argues that "a public interest in having the legality of the practices settled, militates against a mootness conclusion." But *W.T. Grant Co.* was a voluntary-cessation case, and we do not find the quoted language persuasive under the circumstances here.

5